UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NORMA G. YORSCH | § | CIVIL ACTION NO. 2:23-cv-00259 |
| | § | |
| | § | SECTION |
| VERSUS | § | |
| | § | JUDGE |
| | § | |
| STATE FARM FIRE AND CASUALTY COMPANY | § § | MAG. JUDGE |

## COMPLAINT

NOW COMES Plaintiff, NORMA G. YORSCH, who, through undersigned counsel, respectfully represents that:

### PARTIES

1. Made Plaintiff herein is NORMA G. YORSCH, (hereinafter sometimes referred to as "Plaintiff"), a person of the full age of majority and resident of the State of Louisiana. Plaintiff owns, resides, and is domiciled in the insured property at issue, which is located in Louisiana. Plaintiff does not reside in any other state or outside the United States. Plaintiff is not domiciled in any other state or outside the United States. Plaintiff is domiciled solely in Louisiana and she intends to remain in Louisiana. Plaintiff is therefore a citizen of the State of Louisiana.

2. Made Defendant herein is STATE FARM FIRE AND CASUALTY COMPANY (hereinafter sometimes referred to as "Defendant" or "State Farm"), incorporated and maintaining its principal place of business in the state of Illinois, and is therefore domiciled in the State of Illinois. Defendant is authorized to do business and issue policies in the state of Louisiana.

### JURISDICTION AND VENUE

3. This action is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., and Federal Rule of Civil Procedure 57.

4. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. § 2201 as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendant.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000). The amount in controversy in a declaratory judgment action is determined by the object of the litigation. The object of this declaratory judgment will determine whether Plaintiff's losses are covered under Defendant's policy.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

7. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers.

8. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in this Court.

## FACTUAL BACKGROUND

9. Plaintiff contracted with Defendant to insure the property located at 9000 Chretien Point Place, River Ridge, Louisiana 70123-2717 (hereinafter referred to as "Insured Premises").

10. The Insured Premises is the location of a single-family residence.

11. The Insured Premises is covered under policies issued by Defendant with policy number believed to be Policy Number 18-EF3933-9 (hereinafter referred to as "the Policy").

12. The Policy was in full effect during the period of June 23, 2021 through June 23, 2022. Defendant assessed the risk and provided Replacement Cost Value coverage following their evaluation of the property.

13. Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

14. Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Defendant would abide by the terms of their policy and pay for any covered losses that may occur.

15. On or about August 29, 2021, while the policy was in full force and effect, the Insured Premises sustained significant damages resulting from a hurricane event (hereinafter "loss" or "peril").

16. Plaintiff believed they had sustained damage to the Insured Premises as a result of the loss and made a claim.

17. Plaintiff is entitled to recovery of all benefits due under the policy resulting from the hurricane damage to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, additional living expenses and or loss of use expenses, and personal property.

18. Defendant was given full access to inspect the insured premises. Defendant has had ample opportunity to view the extensive damage to the property.

19. In compliance with their duties, Plaintiff has cooperated with Defendant and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

20. Defendant has received satisfactory proof of loss through its own inspection of the property as well as through receipt of estimates, sworn statements of loss, and other repeated demands for payment.

21. Defendant has failed to timely and reasonably adjust the loss and respond to the satisfactory proof of loss.

22. Defendant continues to fail to adequately respond to Plaintiff's demand for payment.

23. Despite Defendant's failure to timely pay the evidenced loss, Plaintiff has continued to work with Defendant and their consultants to ensure compliance with their duties under the policy. This cooperation in no way waives Defendant's duties under the law.

24. Defendant continues to unreasonably refuse to pay the undisputed portion of the claim thereby placing the Plaintiff's property at risk.

25. Defendant has not provided any contracting bids demonstrating the actual costs of repairing the property in the market.

## CAUSES OF ACTION

26. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

### DECLARATORY JUDGMENT: TIMELINE VIOLATION OF LA. STAT. ANN. §22:1892 AND §22:1973

27. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3).

28. The Louisiana Insurance Commissioner's Emergency Rule 47 extended the initiation of loss adjustment timeline under La. Stat. Ann. §22:1892(A)(3) to sixty days (60) days from claimant's notice.

29. However, Emergency Rule 47 duly noted that "insurers must continue to provide timely service to their insured claimants by promptly acknowledging receipt of claims and making appropriate assignments for the adjustment of claims."

30. Emergency Rule 47 did not alter any other timeline under La. Stat. Ann. §22:1892 other than 14-day initiation of loss adjustment time delineated under La. Stat. Ann. §22:1892(A)(3) specifically.

31. Defendant received no further time extensions by either a government entity or the Plaintiff.

32. Defendant's duty to meet all other claims handling timelines after the initiation of their loss adjustment remained in effect.

33. Louisiana law provides claims handling timelines which are strictly construed.

34. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

35. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

36. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

37. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

38. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; see also *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930. 55. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

39. Plaintiff is seeking a Declaratory Judgment confirming that Defendant has an obligation to comply with the 30-day and 60-day statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, in so far that the insurer must tender undisputed payments on a claim within the statutory time after receiving satisfactory proof of loss.

40. Plaintiff is seeking Declaratory Judgment confirming that Defendant's thirty- and sixty-day timelines under La. Stat. Ann. §22:1892 and §22:1973 began to run upon the inspection of the property and/or receipt of the satisfactory proof of loss submission.

## BREACH OF CONTRACT

41. Defendant breached the terms of the policy when they unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to the Plaintiff.

42. This breach of the insurance contract was and is the direct and proximate cause of damage to the Plaintiff for the repair of Plaintiff's insured property with like kind and quality material as existed at the time the hurricane occurred.

43. By virtue of the breach of contract, Defendant is liable to and owe Plaintiff for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiff may prove as allowed by the law.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

44. Defendant received satisfactory proof of the loss indicating the insurance benefits due to the Plaintiff but failed to timely investigate and settle the loss. Failure to make such payment within thirty days was arbitrary, capricious, and without probable cause, subjecting Defendant to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.62.

45. In addition, Defendant owed Plaintiff an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within sixty days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Defendant to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

46. Defendant further breached the duty of good faith and fair dealing by failing to make an unconditional tender of all amounts owed under the Policy as a result of the loss and damage caused by Hurricane Ida within thirty days and sixty days following initial inspection and having satisfactory proof of loss.

## DAMAGES

47. As a result of the actions of the Defendant, Plaintiff has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

    a. Repair and remediation expenses;

    b. Additional living expenses and or loss of use expenses;

    c. Loss of personal property;

    d. Inability to make appropriate repairs due to inadequate insurance payments;

    e. Diminution in value of property;

    f. Mental anguish;

    g. Penalties as provided in La. R.S. §§ 22:1892 and 22:1973;

    h. Attorney's fees;

    i. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments; and

    j. other losses which will be proven through discovery or at the trial of this matter.

## JURY DEMAND

48. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff herein, NORMA G. YORSCH, prays that this complaint be filed into the record, that Defendant, STATE FARM FIRE AND CASUALTY COMPANY, be cited to

appear and answer same, and after due proceedings are had, there be Judgment rendered in favor of Plaintiff, and against Defendant, STATE FARM FIRE AND CASUALTY COMPANY, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available. Further, Plaintiff, NORMA G. YORSCH, prays that there be a judgment rendered in favor of Plaintiff and against Defendant, STATE FARM FIRE AND CASUALTY COMPANY, declaring that in their transaction of insurance STATE FARM FIRE AND CASUALTY COMPANY has an obligation to comply with the statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, which began to run upon the inspection of the property and/or receipt of proof of loss and breached said obligation.

    Respectfully Submitted,

    CHAD T. WILSON LA FIRM, PLLC

    By: */s/ James Huntington Odom, III*
    J. HUNTINGTON ODOM, III
    LA Bar No. 38459
    455 East Medical Center Blvd., Ste 555
    Webster, Texas 77598
    Telephone: (832) 415-1432
    Facsimile: (281) 940-2137
    hodom@cwilsonlaw.com

    ATTORNEY FOR PLAINTIFF

**PLEASE SERVE:**

State Farm Fire and Casualty Company
*Through its Registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70890